```
                                                        FILED
                                                  U.S. DISTRICT COURT
                                                     AUGUSTA DIV.
```

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

2006 FEB 10 AM 8:01

AUGUSTA DIVISION

CLERK _____
SO. DIST. OF GA.

| | |
|---|---|
| RUSSELL ROBERT GUILD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CV 105-116 |
| | ) |
| VICTOR WALKER, Warden, | ) |
| | ) |
| Respondent. | ) |

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Petitioner filed a petition for writ of habeas corpus under Title 28, United States Code, Section 2254. Respondent filed a motion to dismiss the petition as untimely. Doc. 6. For the reasons that follow, the Court recommends that the motion to dismiss be **GRANTED** and that judgment be **ENTERED** in favor of respondent.

**I. BACKGROUND**

On March 27, 1996, a grand jury sitting in Columbia County, Georgia, indicted petitioner on charges of armed robbery and possession of a firearm during the commission of a crime. A jury convicted petitioner on both counts of the indictment on October 8, 1996. A state judge sentenced him to twenty-five years in prison. Resp. Ex. 2 at 181.

Petitioner sought an out-of-time appeal of his conviction and sentence on September 10, 2001. Resp. Ex. 2 at 53-56. The Georgia Court of Appeals granted petitioner's request

to file the out-of-time appeal but affirmed petitioner's conviction and sentence on May 7, 2002. Guild v. Georgia, 564 S.E.2d 862 (Ga. App. 2002). Petitioner filed a state habeas petition on May 8, 2003. After an evidentiary hearing, the state habeas court denied relief on July 22, 2004. The Georgia Supreme Court denied petitioner's certificate of probable cause to appeal the state habeas court ruling on June 30, 2005. Petitioner then filed the instant federal habeas petition on July 28, 2005.

## II. DISCUSSION

### A. Statute of Limitations

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, amended the statute governing habeas corpus petitions for state prisoners seeking relief in the federal courts. Title 28, United States Code, Section 2244 provides, in pertinent part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented

could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In this case, because petitioner did not file a direct appeal of his conviction and sentence in a timely manner, his conviction became final on November 7, 1996, after the thirty-day period for filing an appeal under Official Code of Georgia Annotated, Sections 5-6-37, 5-6-38 expired. Petitioner's subsequent request for an out-of-time appeal, filed almost five years later, did not toll the intervening period or restart petitioner's statute of limitations.[1] Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003) (noting, in analogous case, that "[w]hile a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired"). Because almost five years passed between the time petitioner's conviction became final and the time he filed for an out-of-time appeal with the Georgia Court of Appeals, his Section 2254 petition is barred under Section 2241(d)(1)(A).

## III. CONCLUSION

For the reasons set forth above, the Court finds that the petition is time-barred by the applicable one-year statute of limitations. Accordingly, the Court recommends that the motion to dismiss, Doc. 6, be **GRANTED**, that this civil action be **CLOSED**, and that a

---

[1] Of course, the limitations period would ordinarily have been tolled while the out-of-time appeal and the state habeas petition were pending in state court under Section 2241 (d)(2). Because the Section 2241 limitations period had already expired before petitioner sought the out-of-time appeal, however, there was no time left to be tolled.

3

final judgment be **ENTERED** in favor of respondent.

SO REPORTED and RECOMMENDED this /0th day of February, 2006, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE